R. J. BOLLES, *Appellant* v. WILLIAM O'BRIEN, *Appellee.*
*Original Bill.*

R. J. BOLLES, *Appellant,* v. WILLIAM O'BRIEN, *Appellee.*
*Cross Bill.*

ON REHEARING.

PER CURIAM.—Mr. Bolles in explaining that he did not
understandingly sign the agreement in question, testified
that previous to the signing he talked with Mr. O'Brien
about a one-fourth interest O'Brien was to take and pay
for in lands with Bolles and two others, and that the prop-
osition was abandoned as to the two other persons, "but
had not been called off in relation to Mr. O'Brien; and
this was a continuation of that." Bolles also testified
that the instrument was kept in a safe place and when
more than a year after the signing someone mentioned
to him the existence of an agreement between Bolles and
O'Brien and its probable future effect, he "got the agre-
ment out of the safety vault and looked at it, and was
much surprised as to its nature and contents, and I made
up my mind I had better speak to Mr. O'Brien about it
at the first opportunity I had.   In a few days he came
in, and when he came in I did speak to him about it, and
that was the first time my attention was called as to the
character and language of the agreement."

There are apparent inconsistencies in the evidence on both sides which is not surprising in a case of this character, but it is clear that Mr. O'Brien, the attorney, has not met the burden cast upon him by law, of establishing by convincing evidence that Mr. Bolles, the client, acted with full warning and perfect knowledge of the consequenecs of his act, or that the agreement purporting to confer a property right upon O'Brien from his client, was fair and based upon full and adequate consideration. Because of the relation of attorney and client as to the subject matter and of the circumstances under which the instrument was signed, it was not binding on Bolles, the client, when he signed it; and as its terms were not thereafter ratified or confirmed or in any way put in operation, the conduct and statements of the parties subsequent to the signing of the instrument are immaterial and do not constitute a contract relation between the parties. See Keenan v. Scott, 64 W. Va. 137; 61 S. E. 806; Boyle v. Read, 138 Ill. App. 163; Crocheron v. Savage, 75 N. J. Eqr. 589, 73 Atl. Rep. 33; 23 L. R. A. (N.S.) 679;18 Ann. Cas. p. 123 notes.

Rehearing denied.

WHITFIELD, C. J., and TAYLOR and HOCKER, J. J., concur.

SHACKLEFORD and COCKRELL, J. J., dissent.