J. C. DAVANT v. J. CARL LAMBDIN, et al.

186 So. 201.
Opinion Filed January 3, 1939.
Rehearing Denied February 8, 1939.

*Joseph W. Nichols,* for Appellant;

*J. Carl Lamdin,* for Appellees.

PER CURIAM.—The bill of complaint herein prayed that defendants, who are Appellees here, be restrained from interfering with James W. Bofird in the possession of certain premises described therein and from demanding rents thereon, he, Bofird, being a tenant of said premises. A temporary restraining order was granted without notice which was later dissolved. The bill of complaint was dismissed as to the defendant Lambdin, and a motion to strike certain portions of the answer to the bill was denied. The instant appeal brings these decrees up for review.

The pleadings and the briefs have been examined and they reveal a transaction between defendant, Mrs. Young, and her attorney, the party appellant. It is shown that they reveal a transaction between defendant, Mrs. Young, as her counsel over a period of eight years or longer, that he made advances in money and that she was not able to restore the advances or compensate him for his services, that she conveyed to him certain valuable property, and reserved a life estate therein in payment for his services. She now contends that she was incompetent when she executed this deed but admits the services, the advances, and that neither has been paid.

If Mrs. Young was incompetent at the time she deeded

her property to her attorney, that fact may void the contract but if she was in her right mind, was not imposed on, and traded in good faith the contract was legal though such transactions are always subject to most careful scrutiny. It is shown and admitted that the property in question would have been lost had it not been for the services rendered Mrs. Young by her counsel. If Mrs. Young was sane when the contract was made, that ends the case. If she was insane, the real question is the amount due her counsel for his services. The bill of complaint is not sufficient to show a conspiracy on the part of defendants.

We find much irrelevant and immaterial substance in the briefs and pleadings which should be disregarded. Instead of litigating the real issue in the cause, the energy of defendant's counsel was employed largely in assaulting and charging bad faith on the part of complainant. This is not the way to try a lawsuit. The decrees appealed from were of the class in which the Chancellor is vested with a very broad discretion and in the state of the record must be affirmed but with the suggestion that we are interested here solely in the legal issues involved.

The judgment below is affirmed but with the directions to permit the pleadings to be amended and litigate the cause in the manner outlined in this opinion.

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.