I. J. A. Renno, v. Fay R. Sigmon

4 So. (2nd) 11
Division A
Opinion Filed September 30, 1941

*Van C. Swearingen,* for Appellant;
*Edward McArthur,* for Appellee.

Per Curiam.—In a divorce suit certain funds were paid into the registry of the court as property of the complainant.. At the conclusion of the suit complainant and his attorney failed to agree upon the amount of compensation due the attorney.

Attorney filed petition to impress a lien on the funds, *supra,* for the payment of such fee as should by the Court be adjudicated to be due the attorney from his client.

Decree impressing the lien as prayed was entered.

Much testimony was taken. It is conflicting and not to be reconciled as to the real issue. On final

hearing the chancellor entered his order, which, *inter alia,* is:

"It appears unto the Court that from the funds in controversy the plaintiff has recovered the sum now in the registry of the court; that from said funds have been paid $500.00 master's fee, that a court reporter's fee for transcribing testimony has been paid in the sum of $322.00; that the claimant has already been paid the sum of $582.50 as an attorney's fee, and his associate counsel has been paid or promised $350.00."

"The case was not by nature a complicated one, even though it did take seventeen months to dispose of·it, and even though the costs were more than might reasonably have been expected under normal conditions."

"All things being considered, it appears that the plaintiff has already been partially compensated for the value of his services to his client, and the court failing to find that any expressed agreement was ever made between the attorney or his client, in consideration of the premises, it is thereupon,"

"ORDERED, ADJUDGED AND DECREED that the petitioner, I. J. A. RENNO be awarded the additional sum of One Hundred and Fifty Dollars ($150.00), and that the Clerk of this Court pay to I. J. A. RENNO the sum of One Hundred and Fifty ($150.00) Dollars to be deducted from any funds now in the registry of the court, for the said Fay R. Sigmon; and the said Clerk shall pay unto the said Fay R. Sigmon the remainder of said funds now in the registry of the Court on or after today."

While the testimony taken in consideration with the balance of the record might have warranted the

chancellor in reaching a conclusion more favorable to the attorney, we cannot say that there clearly has been made to appear an abuse of judicial discretion in this regard.

When a justiciable controversy arises between attorney and client as to fees alleged to be due the attorney, or as to interest acquired by attorney as to any property involved in the litigation, the burden is on the attorney to show not only the existence of conditions supporting his position, but to also show that no advantage has been taken by him. See Halstead v. Florence Citrus Growers Association, 104 Fla. 21, 139 Sou. 132; DeVant v. Lambdin, 135 Fla. 700, 186 Sou. 201.

Appellant has not made it clearly to appear that reversible error is disclosed by the record.

Decree is affirmed.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concurs.