HORTON, Judge.
The final decree appealed from adjudicated a deposit receipt agreement and deed between appellants Edwards and Toner void and that the instrument purporting to be a conveyance of real property to ap-pellees, Hubbard and Carr, was a deed absolute and not a mortgage. The decree further quieted title to the real property in appellees, Carr and Hickey.
On May 17, 1951, Edwards, then the fee simple owner of certain real property, joined by his wife, executed a deed of said property to Hubbard and Carr, attorneys. Prior to this conveyance, Hubbard and Carr had handled various legal matters for Edwards who, in turn, had executed successive mortgages to said attorneys to secure the payment of legal fees in the sum of approximately $900. However, on May 17, 1951, Edwards was actually indebted to Hubbard and Carr in the sum of approximately $1,100. Edwards apparently needed, or asserted that he needed, a $400 loan, and at that point Hubbard and Carr, through Carr, gave Edwards $400, cancelled the two mortgages totalling approximately $900, as well as the additional $200 debt, and took a deed from Edwards and his wife to the property involved in this suit.
Hubbard and Carr, at the time of the execution of the deed by Edwards and wife, gave Edwards a written agreement whereby Edwards was to have an option for one year to purchase the property back from Hubbard and Carr for $1,500. Apparently Edwards did not or was unable to exercise the option. Approximately five and one-half years later, Edwards, pursuant to a deposit receipt agreement, conveyed the property by warranty deed to appellant, Toner, subject to an alleged indebtedness of $1,500 in favor of Hubbard and Carr. Thereafter, on February 21, 1957, Toner instituted this *182 action to declare the deed of Edwards and wife to Hubbard and Carr to be a mortgage on the assertion that said deed was given as security for the payment of a debt of $1,500; for an accounting and other relief. Upon motion of the appellees, the court ordered Edwards and wife made parties plaintiff to the suit. This action terminated in the entry of a final decree adverse to appellants. The trial judge’s decision was based upon his conclusion that the actions of the parties and the documentary evidence presented were consistent with the theory that the instrument from Edwards to Hubbard and Carr was a deed given in satisfaction of an existing indebtedness.
The appellants question only the sufficiency of the pleadings and evidence to support the court’s finding that the deed from Edwards to Hubbard and Carr was a conveyance and not security for the payment of a debt.
After a consideration of the testimony and documentary evidence contained in the record, we are in accord with the trial judge’s conclusions. The sufficiency of the evidence, its weight and probative effect, were for the trial judge to decide. Appellants have failed to clearly demonstrate wherein the trial judge misapplied the law or misconceived the probative force and weight of the evidence, and failing to do so, the decree should be affirmed.
For all practical purposes, this opinion could terminate upon an affirmance of the decree. However, there has been raised, although collaterally, by appellants in their brief and by assignment of error, the question of good faith on the part of an attorney who transacts business with his client. One of the leading cases in Florida on this subject is Bolles v. O’Brien, 63 Fla. 342, 59 So. 133, 134. The court in that case said:
“Owing to the confidential and fiduciary relation between the attorney and his client and to the influence of the attorney over his client growing out. of that relation, courts of law, and especially of equity, scrutinize most closely all transactions between an attorney and his client. * * *
“ * * * Contracts between attorney and client, when not entirely equitable and fair, may be voidable at the election of the client. The whole burden of establishing by clear and convincing evidence the fairness of an. agreement purporting to convey a property right from a client to his attorney,, and that it was made upon full and adequate consideration, is cast upon the attorney. * * * ”
See also 5 Am.Jur., Attorneys at Law,. § 50, p. 289. The Bolles case is easily distinguishable from the case at bar by a comparison of the facts. In the Bolles case,, it was evident that the attorney had, either by design or poor draftsmanship, overreached his client and legally, if not actually, perpetrated a fraud. There is no evidence of overreaching in the case at bar. Edwards knew he was indebted to his attorneys for past services and in addition had' executed two mortgages as evidence of the debts. Later, Edwards wanted a loan of $400 and was advised by his attorneys that they did not want any more mortgages,, but instead they required a deed of conveyance. The testimony discloses that Edwards did not have his wife present when the question of the conveyance was discussed and as a result he was required to' bring his wife to the office of his attorneys, to execute the deed. There is ample evidence in the record and little, if any, to dispute the fact that Edwards knew that he was making a conveyance of the property and the reasons for such conveyance. There is no indication that the sum of $1,500 which represented the consideration for the deed was disproportionate to the value of the property at the time of the conveyance. The record does disclose that the property is *183 now worth several times more than it was some .five years ago. However, we do not consider that as adding substance to appellants’ contention, for it is admitted that during those intervening years Hubbard and Carr paid the taxes on the property, whereas Edwards made no attempt to do so. To espouse that position would be to permit one to profit from his own neglect.
The appellants’ complaint nowhere charges Hubbard and Carr with fraud, overreaching or bad faith in their dealings with Edwards and no such conclusion is remotely ■suggested from the testimony and documentary proof adduced. The only complaint appellants make in their pleadings is that the parties intended the deed as security for a $1,500 debt and that it should be so construed. The appellants failed to carry the burden of proof to support their complaint and if, in the face of the lack of allegations and proof of bad faith or overreaching, a burden was cast upon Hubbard and Carr to show good faith or the lack of bad faith or overreaching, they have, in our opinion, adequately discharged that burden.
 The fact that Hubbard and Carr were attorneys and entered into a transaction with a client would not per se void the transaction. It would be voidable at the election of the client only upon proof of bad faith, overreaching, undue influence ■or other inequitable conduct on the part of the attorneys. In Davant v. Lambdin, 135 Fla. 700, 186 So. 201, the Supreme Court of Florida said in commenting upon a transaction between an attorney and client where the client contended that she was incompetent :
“If Mrs. Young was incompetent at the time she deeded her property to her attorney, that fact may void the contract but if she was in her right mind, was not imposed on, and traded in good faith the contract was legal though such transactions are always subject to most careful scrutiny.”
We conclude that the trial judge correctly determined the issues before him and his decree should not be disturbed.
Affirmed.
PEARSON, J., concurs.
CARROLL, CHAS., C. J., dissents.