106 So.2d 624 (1958)
Ione H. REID, Appellant,
v.
J. Malcolm JOHNSON and Emanuel Levenson, Appellees.
No. 58-43.
District Court of Appeal of Florida. Third District.
November 6, 1958.
Rehearing Denied December 2, 1958.
*625 Simpson & Burton, Miami, for appellant.
Dixon, DeJarnette, Bradford & Williams and Warren D. Hamann, Miami, for appellees.
PEARSON, Judge.
The appellant, Ione H. Reid, as plaintiff, brought a complaint for declaratory decree asking the circuit court to construe a contingent fee employment contract for legal services performed by the defendants, J. Malcolm Johnson and Emanuel Levenson. The contract was in writing and follows:
 "July 22, 1953
"Mr. J. Malcolm Johnson
1407 Biscayne Building
Miami, Florida
"Dear Mr. Johnson:
"You have requested me to put into letter form the money considerations, which subsequently were considered and determined as basis of compensation for your services, as my attorney in legal proceedings regarding matters of Marine Terrace Hotel, Marine Terrace Hotel Trust and Ione H. Reid.
"I wish to say that I am pleased with your selection of Mr. Emanuel Levenson as your Assistant Associate and it is my understanding that you and he are jointly to share in the compensation for legal services rendered in aforesaid proceedings, according to terms and basis, monetary compensation with which we have all been in accord in our verbal committments as of July 21, 1953.
"These are the specific monetary requirements as of the present:

 On deposit at present as drawing account for documents, etc. .... $500.00
 Check dated July 22, 1953 ....................................... 500.00
 which shall apply to sum of $2,000.00
 (which is advanced legal fee)
 August 22, 1953 ..................................... 500.00
 September 22, 1953 ..................................... 500.00
 October 22, 1953 ..................................... 500.00
 Subsequently additional money for Court costs, when needed for drawing
 account.

"It is understood that the basis of fee shall be upon the money earned by virtue of benefits accruing from legal proceedings for Ione H. Reid, your client; of the first 100,000 Dollars, ten per cent (One Hundred Thousand Dollars); beyond the first one Hundred Thousand Dollars, 33 1/3 percent shall then be fee upon second, third, fourth and etc. One Hundred Thousand Dollars.
"Legal fees must of necessity be based upon the net monetary benefits accruing to Ione H. Reid from the Marine Terrace Hotel.
"Since we are making decisions in this matter, I wish to state that it may of necessity arise that it will be dollar-foolish to immediately dispose of the Marine Terrace Hotel; then too, it will take time to advertise and have bona fide offers submitted, and with due consideration of the terms of purchase or sale; I wish also to know if your considerations of my needs will include all business of contracts of sale and closing. I should not choose to have to place my business in the hands of *626 other; for rather than protect the accrued earnings, which shall be the basis of fee to you jointly, the bringing in of real estate broker would further reduce the monetary returns to you and to me.
"What would be the considered basis of the earnings of the Marine Terrace Hotel if the case should deliver the hotel in middle of season; usually the timing of a sale closing is over a period of thirty to sixty days. Then I also wish to state that looking at possibilities of sale. Under no consideration would I accept other property in trade. Under consideration of sale, if there be a need of escrow, then the selection of an escrow agent shall be mine, and also the amount of down payment that shall be proof of bona fide purchaser.
"Due to the fact that so many papers have been used fraudulently in the course of time of Marine Terrace Hotel Trust, it is my desire that all suits and proceedings be filed and actions instituted in the name of Ione Harrison Reid to avoid any confusion occasioned in the past by suits where the name Ione H. Reid has been used and any and all interest that I recover shall come to me in the name of Ione Harrison Reid, and the change of name would be prima facie evidence of protection for possible future purchaser.
"I am positive in regard to inclusion of Internal Revenue department as a party to this suit, because of the possibility of belated tax demands that may be established; the tax returns of Marine Terrace Hotel Trust have been filed in other divisions of the bureau, New Orleans, Jackson, Miss and Dallas, Texas, and you are also acquainted with the provision as stated in the Trust relative to lessee being responsible.
 "Accepted:
 /s/ J. Malcolm Johnson
 /s/ Emanuel Levenson
 /s/ Ione Harrison Reid 
 Ione Harrison Reid"
After hearing and testimony the chancellor entered the following final decree:
"The Court being advised in the premises,
"Finds that the Plaintiff, Ione H. Reid, employed the Defendant, J. Malcolm Johnson, on July 22, 1953, and thereafter certain legal services were rendered to Mrs. Reid by Mr. Johnson and his law associate, Emanuel Levenson. That the parties are entitled to a Declaratory Decree setting at rest questions of interpretation of the employment contract. It is, thereupon,
"Ordered, adjudged and decreed as follows:
"1. The Defendants are entitled to their fee upon the $90,000.00 note and second mortgage inasmuch as said note and mortgage represents a `monetary benefit' secured for the plaintiff.
"2. The $2,000.00 advance fee paid by the plaintiff is not to be considered as a portion of the contingent fee designated in said contract, and the Plaintiff is not entitled to receive a credit on total fees for this sum of $2,000.00.
"3. That the Defendants are entitled to a contingent fee on the sum of $3,700.00 which was ordered distributed to the remaining beneficiaries of a trust by the Circuit Court in Chancery proceedings No. 119051.
"4. That the Plaintiff is not entitled to receive credit on the total fee owed Defendants for the sum of $5,000.00 which was allowed the Defendant Johnson by the Circuit Court in Chancery proceedings No. 119051.
"5. That the legal services rendered by the Defendants to the Plaintiffs were valuable, above and beyond the fees received by the Defendants from the Plaintiff.

*627 "6. That the Defendant, J. Malcolm Johnson, died following the filing of the instant suit. That the Plaintiff has received full and proper accounting from the Defendants in connection with the issues made in this case.
"7. That the costs of this cause be borne by the parties incurring same, except that the reporter's attendance fee and original transcript cost is hereby taxed against the Plaintiff."
The trial of the cause consisted almost entirely of the introduction of the several documents involved. The testimony of Mrs. Reid and Mr. Levenson is no more than an expression of their respective opinions on the matter. Mr. Johnson was deceased at the time of the trial. Under these circumstances we are not presented with a situation where the chancellor's decision is based upon the credibility of the testimony before him. The parties agree that we have for consideration four points. On the first three of these our attention is directed to no decided case; although there are references to general statements of the law in the legal encyclopedias. The first point presented is:
"The court erred in refusing to plaintiff a credit on the total fee due defendants for the $2,000.00 advanced legal fee paid defendants by plaintiff."
The record reveals that Mr. Johnson had represented Mrs. Reid for some time prior to the drawing of the contract. Mr. Levenson was called into the matter shortly before the contract for fee was drawn and he participated thereafter. The contract recognizes him as an associate attorney.
In Halstead v. Florence Citrus Growers' Ass'n, 104 Fla. 21, 139 So. 132, 136, the Supreme Court set forth the following principles pertaining to contracts between attorneys and clients:
"It may also be stated here that the rule applicable to express contracts entered into between attorney and client at or before the time of employment as to fees to be paid is usually governed by the ordinary rules as between other competent parties (6 C.J. 935, § 309), but where any agreement is entered into between client and attorney during the existence of the relation, while not presumptively void, the burden of showing fairness where the question is raised rests upon the attorney (6 C.J. 735, § 310). This rule applies more strictly to assignments of interest in property involved in the litigation by a client to his attorney * * *. 6 C.J. 686-692. See especially 2 R.C.L. 967, § 43."
The contract itself is highly ambiguous as to whether the $2,000 "advanced legal fee" was an independent retainer fee or a part of fee to be earned under "the basis of legal fee". The burden was upon the defendants, attorneys, to establish clearly the contract under which they were entitled to retain their client's money. This burden was not carried; we conclude, therefore, that the court erred in failing to credit Mrs. Reid with the $2,000 advanced upon the entire fee provided by the contract.
The second point presented is:
"The court erred in refusing plaintiff a credit, on the total fee owed defendants, of the attorney's fee awarded defendants in the sum of $5,000.00 by the court having jurisdiction of the proceedings in which defendants were representing plaintiff."
This question needs some background in order to be understandable. During the term of the employment it was agreed by all parties that defendants could better represent plaintiff if defendant Johnson were appointed co-trustee of the trust in question. This was accomplished. The court having jurisdiction of the trust entered its order authorizing attorney's fees in the amount of $5,000 to the firm of Johnson, *628 Levenson & Perry, "for legal services rendered by * * * (the) firm in the lease, sale and management of said trust property." The defendants were at this time partners.
It is clear that these monies were not paid to Mr. Johnson for his services as trustee. They were paid to the firm of which the defendants were members for "legal services" in the preservation of the trust property. Mr. Johnson and Mr. Levenson were employed and were to be paid by Mrs. Reid, "for services as my attorney in legal proceedings regarding matters of Marine Terrace Hotel, Marine Terrace Hotel Trust and Ione H. Reid." [Emphasis supplied.] Thus Mr. Johnson and Mr. Levenson were receiving monies from two sources for legal services to the trust property. In the case of In re Irwin, 1939, 162 Or. 221, 91 P.2d 518, 523, the Supreme Court of Oregon summarized the law as to extra compensation for matters which may be included in a retainer contract as follows:
"Since an attorney possesses superior knowledge of the work which the retainer is likely to involve, courts expect him to designate clearly the services covered by the retainer when he accepts employment. Therefore, when he later claims that he ought to be compensated for work which he did as an extra item not included within the retainer, ambiguities and doubts concerning the agreements are resolved against him. We quote from 7 C.J.S. Attorney and Client § 182 at p. 1058: `Consistently with the general rules of construction, however, the courts are unwilling to find that services were not included in the contract, and in doubtful cases will usually decide the point against the attorney, particularly when the client did not request the services or understand that they were outside the contract.' From 5 Am.Jur., Attorneys at Law, § 159, p. 356, we quote: `A doubtful or ambiguous contract for professional services and for the compensation of an attorney who drew it should be construed in favor of the client.'"
We are aware that we are not here dealing with a demand for extra compensation from the client but with the question of whether the client is entitled to a credit for the compensation received by the attorney from the trust funds directly. However, the principles to be applied are the same. If an attorney expects to receive extra compensation from any other source as a result of the labors undertaken because of a retainer contract, then it is his duty to designate the additional sources to his client and have a clear understanding with the client prior to undertaking the work. As stated in Renno v. Sigmon, 1941, 148 Fla. 229, 4 So.2d 11, 12:
"When a justiciable controversy arises between attorney and client as to fees alleged to be due the attorney, or as to interest acquired by the attorney as to any property involved in the litigation, the burden is on the attorney to show not only the existence of conditions supporting his position, but to also show that no advantage has been taken by him. See Halstead v. Florence Citrus Growers' Association, 104 Fla. 21, 139 So. 132; Davant v. Lambdin, 135 Fla. 700, 186 So. 201."
We conclude therefore that the court erred in failing to credit Mrs. Reid with the $5,000 received by her attorneys directly from the trust funds as attorney's fees.
The third point presented is:
"The Court erred in refusing to require defendants to account for sums deposited with defendants as costs."
It will readily be observed that this point is not raised by the record since the chancellor found in paragraph numbered "6" of the decree: "That the Plaintiff has received full and proper accounting from the Defendants in connection with the issues *629 made in this case." The appellant fails to direct our attention to any assignment of error from which the point argued arose. Rule 3.7(f) (4) Florida Appellate Rules, 31 F.S.A., provides: "Specific assignments of error from which the points argued arise should be stated, * * *." Further, an examination of all the assignments of error in the record does not reveal an assignment directed to any ruling of the court under which the point raised could have been argued.
The fourth point set forth by appellant questioned the amount of the fee found to be due under the contract, without reference to the matters set forth under points one, two and three. Upon oral argument appellant did not urge this portion of her appeal. We have nevertheless carefully examined the question raised and find that no error is demonstrated.
The decree is affirmed in part and reversed in part and the cause remanded for the entry of a decree in accord with this opinion.
CARROLL, CHAS., C.J., and HORTON, J., concur.

On Petition for Rehearing.
PER CURIAM.
Appellees, in a petition for rehearing, raise for the first time the question of the sufficiency of the assignments of error to support the points argued in the briefs and before this Court. While such a question could have been considered at an earlier stage, it cannot be considered upon petition for rehearing under the provisions of Rule 3.14(b), Florida Appellate Rules, 31 F.S.A. All other points raised by said petition having been considered, the Court adheres to the opinion previously filed in this appeal.
CARROLL, CHAS., C.J., and HORTON, and PEARSON, JJ., concur.