PEARSON, Judge.
The appellant, John J. Deal, owned a distributive interest in the estate of his grandmother. The appellee was Deal’s attorney who was hired to effect a prompt settlement of the estate. For his fee the attorney was to receive one-third of Deal’s ultimate distribution. The attorney, however, purchased the client’s entire interest in the estate. Thereafter Deal brought a complaint in chancery seeking rescission and alleged that the purchase was unconscionable. This appeal is from a final decree for the defendant. The decree is reversed and the cause remanded for further proceedings.
The final decree was in part as follows:
“The Plaintiff has filed his complaint herein seeking cancellation and rescission of an assignment of his interest in the estate of his grandmother, Margaret C. Deal, deceased, to the Defendant Walter J. Migoski, an attorney, on the grounds of misrepresentation and fraud while acting as Plaintiff’s attorney, and seeking to enjoin the Defendant Wallace Ruff, as Administrator C.T.A., D.B.N. of said estate from disbursing any funds thereof to the Defendant Walter J. Migoski.
“The Defendant Walter J. Migoski’s answer denies the wrongdoing charged to him, claiming that he paid full value for the inheritance and setting up the' additional defense that the Plaintiff did not come into equity with clean hands, by reason of the fact that the Plaintiff had previously assigned the income from the inheritance to his mother and father without disclosing such prior assignment, whereby a fraud was perpetrated on the defendant Migoski.
“From the issues made by the pleadings and the proof submitted, the *417 Plaintiff has failed to prove the material allegations of his complaint and the Court finds that the Defendant Walter J. Migoski under the circumstances acted in good faith and paid a good and sufficient consideration, namely, $2,500.00, for the assignment of the inheritance which consisted of a one-sixteenth interest in and to the Estate of Margaret C. Deal, without notice or knowledge of the prior assignment of the income to Plaintiff’s father and mother, namely, Daniel F. Deal and May Gertrude Deal, which is dated July 16, 1938.”
It is apparent that the chancellor has failed to apply the proper rule as to the burden of going forward with the evidence. The responsibility of an attorney to place his client’s interest ahead of his own in dealings with matters upon which the attorney is employed is at the foundation of our legal system. If an attorney in contravention of Canon 10, Rule B, Section (I) of the Code of Ethics Governing Attorneys, 3 F.S. ’59, 31 F.S.A.[1], purchases from his client the subject matter of the attorney’s employment, then the transaction is suspect. Upon action being filed to rescind the transaction, the attorney has the burden of proving that he paid full and complete consideration for the purchase. Gerlach v. Donnelly, Fla. 1957, 98 So.2d 493; Renno v. Sigmon, 148 Fla. 229, 4 So.2d 11; Bolles v. O’Brien, 63 Fla. 342, 354, 59 So. 133; Williams v. Bailey, 69 Fla. 225, 67 So. 877. See also Williston, Contracts, § 1625A (rev. ed. 1937.)
Certain facts appear without dispute from this record: 1) Migoski purchased his client’s interest in an estate while he was employed to secure settlement of the estate. 2) The purchase price was $2,500 and the distributive share was at trial, two and one-half years later, worth from $7,200 to $8,500, exclusive of income and charges for probate. 3) The client was at the time of the purchase unemployed and desperate to find a source of money to meet daily needs. Therefore it is necessary to determine whether the attorney has met the burden cast upon him by his conduct.
In an attempt to invoke the principle, “He who comes into a court of equity must come with clean hands”, the attorney complained that Mr. Deal did not reveal to him that he had made a previous assignment to his mother and father of the income from the estate. While Mr. Deal’s explanation that he forgot the informal assignment is not adequate to relieve him of responsibility, the effect of the assignment was not to destroy the advantage gained by Mr. Migoski. It only decreased and postponed the enjoyment of the advantage.
The principle of clean hands requires a plaintiff to be free of any inequitable conduct relative to the controversy. See cases cited at 12 Fla.Jur., Equity § 55. See Faber v. Landman, Fla.App.1960, 123 So.2d 405. There are some recognized limitations to this principle. 2 Pomeroy, Equity Jurisprudence, § 399 (5th ed. 1941), and cases cited therein.
The relation of attorney and client is one of the most important as well as one of the most sacred relations known to the law. It is indeed a relation affected by a very vital public interest which is predicated on trust and confidence. State v. Snyder, 136 Fla. 875, 187 So. 381 [2]
*418 We therefore hold that the public interest requires the intervention of the court, if the defendant-lawyer is unable to satisfy the burden cast upon him to prove that no advantage has been taken by him of his client, notwithstanding the wrongdoing of the plaintiff-client. To apply the principle of clean hands in the instant case would be to ignore the exacting standards placed upon lawyers, who are officers of the court. The principle should not be applied by the court as a shield to protect its own officers if there is a question of unconscionable advantage. It is true that courts should be cautious in affording relief to a complaining party, who is guilty of wrongdoing; but where vital public interests are involved, the door should not be closed.
When the matter is again entertained by the chancellor the issue before him will be whether the attorney has adequately demonstrated that the purchase was for a full and complete consideration and free of all the advantages which an attorney ordinarily has of knowing more of a client’s legal rights than the client knows.
Reversed and remanded for further proceedings in accordance with the opinion.
HORTON, C. J., concurs.
CARROLL, CHAS., J., concurs specially.

. “Acquiring Interest in Litigation.— The lawyer should not purchase any interest in the subject matter of the litigation which he is conducting.”

. The preamble to Rule B, of the Code of Ethics Governing Attorneys, 3 E.S. ’59, 31 F.S.A., reads as follows:
“In America, where the stability of Courts and of all departments of government rests upon the approval of the people, it is peculiarly essential that the system for establishing and dispensing Justice be developed to a high point of efficiency and so maintained that the public shall have absolute confidence in the integrity and impartiality of its administration. The future of the Republic, to a great extent, depends upon our mainte *418 nance of Justice pure and unsullied. It cannot be so maintained unless the conduct and the motives of the members of our profession are such as to merit the approval of all just men.”