PER CURIAM.
This case represents a dispute between lawyers and their clients over compensation for services. The clients, appellees, filed suit in equity for cancellation of a fee agreement as being inequitable and unconscionable, and to set aside a conveyance made by plaintiffs to the lawyers during the period of their services of a one-third interest in property alleged to be worth $60,000, and seeking a determination of the value of the legal services with an offer to pay the fees so fixed. The intended services were performed except a suit to quiet title, which was neglected and dismissed for want of prosecution. The defendants answered and the cause was tried by the chancellor.
A final decree was entered in which it was found that the equities were with the plaintiffs and that the value of the legal services performed was $1,750, of which $250 had been paid. The decree ordered reconveyance by the defendants of the one-third interest in the property of the plaintiffs, and ordered payment of the fee ($1,-500) to be made concurrently with delivery of the deed to plaintiffs.
Appellants seek reversal on the contention that the complaint as amended did not state a cause of action. The record of the trial proceedings was not brought up. The several arguments advanced by the appellants to show insufficiency of the amended complaint have been considered and found to be without merit. The complaint made a case for the relief sought, under the established law relating to such transactions between attorney and client. See Bolles v. O’Brien, 63 Fla. 342, 59 So. 133; 63 Fla. 354, 59 So. 133; Peacock Hotel v. Shipman, 103 Fla. 633, 138 So. 44; Halstead v. Florence Citrus Growers’ Ass’n, 104 Fla. 21, 139 So. 132; Renno v. Sigmon, 148 Fla. 229, 4 So.2d 11. The complaint did not disclose laches. No unreasonable delay appeared, and as between the parties delay alone would not be laches absent a showing of a change of position or circumstances to make it so. Bethea v. Langford, Fla.1949, 45 So.2d 496, 498, and cases cited there. And with reference to the limited effect of delay in a case of this kind, see Halstead v. Florence Citrus Growers’ Ass’n, supra, 104 Fla. 621, 139 So. 132, 136.
No error having been made to appear, Ihe decree appealed from is affirmed.