SMITH, Chief Judge.
Petitioners seek review of an order denying their motion to strike the Department of Transportation’s (DOT) offers of judgment on certain parcels in a condemnation proceeding. The offers were made pursuant to the newly enacted section 73.092(7)-(9), Florida Statutes (1987).[1] We agree with DOT that the offers did not place counsel for petitioners in an ethical dilemma and that section 73.092(7)-(9) does not impermissibly infringe upon a condemnee’s right to full compensation.
In the declaration of taking, DOT valued petitioners’ parcels for the sum amount of $20,495. After the order of taking was entered and before trial, DOT served certain offers of judgment, the amounts and the offers being the exact same amounts for each parcel as contained in the declaration of taking. Petitioners did not accept the offers and the time for acceptance expired. Just prior to trial, DOT renewed settlement negotiations and offered counsel for petitioner the same amount of money for his clients ($20,495), but in addition offered to pay all attorney’s fees and costs to date. Counsel for petitioner felt that he had been placed in an ethical dilemma, and thereafter moved to strike the offers on this ground and on the further ground that his clients were being deprived of full compensation guaranteed by Article X, Section 6, of the Florida Constitution. The trial court denied the motion to strike.
With regard to counsel’s contention that DOT’s settlement negotiations placed his interests in conflict with his clients, because it put him in the untenable position of trying to make a recommendation to his clients when they could reasonably believe that his evaluation of the offer may be tainted by his own pecuniary interest in the outcome of the case, we discern no difference between this case and any other case involving settlement negotiations where the attorney's fee is in any way contingent. Counsel’s further argument that in the present situation, a lawyer cannot reasonably ignore his own pecuniary interest in the face of powerful disincentives not to, overlooks a lawyer’s well-defined duty: “The responsibility of an attorney to place his client’s interests ahead of his own in dealings with matters upon which the attorney is employed is at the foundation of our legal system.” Deal v. Migoski, 122 So.2d 415 (Fla. 3rd DCA 1960).
We agree with DOT that the settlement negotiations in this case which were attempted in compliance with section 73.-092(7)-(9) posed no ethical dilemma for counsel. Counsel was not required to choose between or violate any of the rules of professional conduct. Evans v. Jeff D., 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). In Evans, a class action was filed on behalf of emotionally and mentally handicapped children. After negotiations, the parties entered into a settlement which essentially provided for the injunctive relief sought but also waived the children’s rights to attorney’s fees. The District Court upheld the settlement. However, the court of appeals reversed, finding that when attorney’s fees are negotiated as part of a settlement, a conflict frequently arises between the attorney’s interest in compensation and the parties’ interest in relief. To avoid such conflict, the court disap *331 proved simultaneous negotiation of settlements and attorney’s fees absent unusual circumstances. The United States Supreme Court reversed, holding that no conflict exists when plaintiff’s counsel is asked to sacrifice, during settlement negotiations, a federal statutory right to a reasonable fee award. Said the court:
Although respondents contend that Johnson, as counsel for the class, was faced with an “ethical dilemma” when petitioners offered him relief greater than that which he could reasonably have expected to obtain for his clients at trial (if only he would stipulate to a waiver of the statutory fee award), and although we recognize Johnson’s conflicting interests between pursuing relief for the class and a fee for the Idaho Legal Aid Society, we do not believe that the “dilemma” was an “ethical” one in the sense that Johnson had to choose between conflicting duties under the prevailing norms of professional conduct. Plainly, Johnson had no ethical obligation to seek a statutory fee award. His ethical duty was to serve his clients loyally and competently. Since the proposal to settle the merits was more favorable than the probable outcome of the trial, Johnson’s decision to recommend acceptance was consistent with the highest standards of our profession. ...
106 S.Ct. at 1537-8. An attorney should never allow his own interests to color his professional advice and is always required to evaluate a settlement offer on the basis of his client’s interest, without considering his own interest in obtaining a fee. Evans, 106 S.Ct. at 538 n. 14.
Next, with respect to petitioner’s argument that application of section 73.092(7)-(9) will result in the denial of full compensation to'them, it is true that attorney’s fees are part of the full compensation guaranteed by the constitution. Tosohatchee Game Preserve, Inc. v. Central and Southern Florida Flood Control Dist, 265 So.2d 681 (Fla.1972). Further, the Legislature may not diminish the concept of full compensation as defined by the courts. Daniels v. State Road Department, 170 So.2d 846 (Fla.1964). However, the Daniels court recognized:
Our conclusion in this respect is, then, that the Legislature may declare its policy with respect to the compensation that should be made in taking private property for public use; and that these declarations, while not conclusive or binding, are persuasive and will be upheld unless clearly contrary to the judicial view of the matter.
Daniels, 170 So.2d at 853.
Under section 73.092(7)-(9), if petitioners accept DOT’s offer, then attorney’s fees are paid in full for the work done and there is no denial of full compensation. If petitioners do not accept the offer and the matter goes to trial, and the verdict is in excess of the offer, then petitioners will receive the value of their property plus costs and attorney’s fees. Even assuming that petitioners reject DOT’s offers of judgment, and the jury returns a verdict less than the offer, petitioners would receive the value of their property as determined by the jury, but would receive only those costs and attorney’s fees which were accrued up to the time of the offer. We agree with DOT that even assuming this latter scenario, that because a land owner may refuse the offer and pursue greater pecuniary gain does not mean the condemn- or, in this case DOT, denied the land owner full compensation. See generally, the cases collected in the annotation, Liability for costs in trial tribunal in eminent domain proceedings as affected by offer or tender by condemnor, 70 A.L.R.2d 804 (1960).
Section 72.092(7)-(9) offers the landowner the incentive to realistically assess his claim, and discourages the landowner from litigating a meritless claim. We find nothing in the constitutional full compensation guarantee prohibiting the state from establishing procedures designed to protect it from unnecessary litigation.
Petition for Writ of Certiorari DENIED.
MILLS and NIMMONS, JJ., concur.

. These subsections provide:
(7)Where an offer of judgment made by the petitioner, pursuant to the Florida Rules of Civil Procedure, is either rejected or expires and the verdict or judgment is less than or equal to the offer of judgment, no attorney’s fees or costs shall be awarded for time spent by the attorney or costs incurred after the time of rejection or expiration of the offer. Where an offer of judgment is accepted or the verdict exceeds the offer of judgment, attorney's fees and costs shall be determined in accordance with subsections (l)-(6). An offer of judgment shall not be made by the petitioner until the expiration of -180 days from the filing date of a petition under this chapter or chapter 74.
(8) The offer of judgment shall be accepted or rejected within 30 days, or at such other time as the court shall provide, or it shall be deemed to be rejected.
(9) For the purposes of Florida Rule of Civil Procedure 1.442, a condemning authority shall . be considered a party defending against a claim at any time after the entry of an order of taking in any condemnation action.