## MANSON v ULLMAN
### Case No. 90-231AP
Eleventh Judicial Circuit, Dade County

April 8, 1991

**APPEARANCES OF COUNSEL**

**Pamela Beckman, Esquire,** for appellant.

**Bill Ullman,** pro se.

Before ROBINSON, MUIR, DEAN, JJ.

## OPINION OF THE COURT

MUIR, J.

This case is an attorney-client dispute over fees in a criminal proceeding that concluded successfully with the client's acceptance into a pretrial diversion program.

The attorney sued in county court for the balance of his claim of $2500.00 for fees after the client refused to pay more than an initial payment of $1500.00. The trial court found no agreement between the parties and awarded the attorney an additional fee of $829.50 (including costs) based on the theory of quantum merit and calculated at a rate of $225.00 per hour.

The client appealed the final judgment for $829.50 to the circuit court.

The question on appeal is whether the trial court erred in awarding additional fees based on quantum merit.

The attorney noted in argument on appeal that attorneys' fees in criminal cases are generally "flat" fees rather than billed hourly.

There was no written agreement between the parties and the only written evidence of any fee discussions was on the client's check, indicating the payment was "through arraignment 2/7/90." The attorney testified at trial that he simply warned the client that additional fees would be due as the case developed.

The record indicates that at least a week before 2/7/90, the date on the $1500.00 check, the client discharged the attorney.

Although the written notation on the client's check, accepted and deposited by the attorney, is somewhat ambiguous, the ambiguity in this case should be resolved in favor of the client. See *Reid v Johnson,* 106 So.2d 624 (Fla. 3d DCA 1958).

We therefore REVERSE the trial court's final judgment awarding additional fees.

REVERSED.

ROBINSON and DEAN, JJ., concur.