KLEES, Judge.
The trial court affirmed the Louisiana State Racing Commission’s determination that Joseph E. Loftin, Sr. was guilty of negligence thereby violating LAC 11-6:54 of the Rules of Racing. As a result his trainer’s license was suspended for a period of six months. From this ruling Loftin appeals, and we affirm.
The facts of the case are as follows. On April 30, 1982, “The Beginning”, a horse trained by appellant, won the tenth race at Delta Downs Race Track. Immediately following the race, the horse was brought to the track test barn where a urine sample was collected. An analysis of the urine sample taken indicated the presence of me-thaphentamine, a prohibited central nervous system stimulant. At the appellant’s request, a split sample of the urine was re-analyzed by the University of Ken *138 tucky’s College of Agriculture and that test again proved positive for methaphenta-mine. Subsequent to receipt of the test reports from the State Chemist and the University of Kentucky, the track stewards held a series of hearings regarding possible disciplinary action against Loftin. As a result of these hearings his trainer’s license was suspended and the matter was referred to the Louisiana State Racing Commission for disciplinary action.
Prior to the Commission’s hearing scheduled for July 30, 1982, appellant sought to propound four interrogatories to the Commission eliciting information regarding possible irregularities in the post race testing procedure. On July 27, 1982, attorneys for the Commission filed a Motion to Quash the Interrogatories. The Commission subsequently granted the-Motion to Quash. On July 30, 1982 the Commission convened to hear the appellant’s case and rendered a decision on the same date upholding the steward’s decision and imposing a six month suspension of his license.
Appellant sought judicial review of the Commission’s decision to the Civil District Court for the Parish of Orleans. The Court affirmed the decision of the appellee by judgment rendered and signed on March 3, 1983.
Appellant appeals suspensively from the decision of Civil District Court for the Parish of Orleans noting the following specifications of error: 1) The trial court erred in not finding that the refusal of the Louisiana State Racing Commission to answer the interrogatories propounded to it precluded him from preparing his case on the critical issue of sub-standard conduct of the Louisiana State Racing Commission test-barn employees; 2) the trial court erred in not finding LRS 4:150(A) inapplicable where there is evidence of sub-standard performance of the duties of the Louisiana State Racing Commission test-barn employees; and 3) the trial court erred in not finding that equal protection of the laws required that each trainer found guilty of the same offense should be given the same penalty.
SPECIFICATION OF ERROR NO. 1
In responding to Loftin’s assertion that the trial court erred in not finding that the refusal of the Commission to answer the interrogatories denied him procedural due process, we must disagree. The Commission buttressed its argument of granting the motion to quash plaintiff’s interrogatories on LA.R.S. 49:960(A) which reads in pertinent part:
§ 960. Ex parte consultations and re-cusations.
A. Unless required for the disposition of ex parte matters authorized by law, members or employees of an agency assigned to render a decision or to make findings of fact and conclusions of law in case of adjudication noticed and docketed for hearing shall not communicate, directly or indirectly, in connection with any issue of fact or law, with any party or his representative, or with any officer, employee, or agent engaged in the performance of investigative, prosecuting, or advocating functions, except upon notice and opportunity for all parties to participate.
As noted by the underlined section, notice and an opportunity for all parties to participate qualifies the earlier part of the text that prohibits non-public contacts between a party litigant and a member of the Commission.
Though we cannot find 49:960(A) controlling in the factual context of this case, the granting of the motion to quash those interrogatories submitted to the ap-pellee did not prejudice Loftin’s case. He had the ability to cross-examine those employees of the Commission who are responsible for conducting the post-race urine and blood tests at Delta Downs Race Track, and in fact the record disclosed that at the steward’s hearing held on July 3, 1982, appellant actually cross-examined: 1) Dr. James Broussard, D.V.M., the veternarian regularly on duty at Delta Downs Race Track; 2) Joseph Trial, test barn employee at Delta Downs; 3) Mark Anthony Lafi- *139 nette, test barn employee at Delta Downs; 4) Dr. Howard “Red” Smythe, D.V.M., the veternarian who filled in for Dr. Broussard on April 30, 1982; and 5) Harry Malone, specimen collector.
The testimony of all of the employees of the commission’s test barn at Delta Downs (including Dr. Broussard and Dr. Smythe) were generally consistent as to the procedures involved in taking the urine and blood samples. Further, their testimony indicates that the procedures involved were adhered to. Only one witness, Joseph Lof-tin, Jr., appellant’s son, testified that someone other than the supervising veternarian was involved in taking a blood sample (a deviation from the standard practice).
While we may be inclined to conclude that the motion to quash the interrogatories should not have been granted, in view of the facts brought out at trial, we conclude that this would constitute harmless error.
SPECIFICATION OF ERRORS NOS. 2 AND 3
Insofar as specification of error No. 2 is concerned the record does not disclose any evidence, other than appellant’s son’s testimony that someone other than the supervising vet conducted the blood test, to warrant a conclusion that the actions of appellee’s test barn employees were substandard.
Louisiana Revised Statute 4:150(A) reads in pertinent part:
The granting of a license to a trainer shall make him responsible for and be the absolute insurer of the condition of the horses he enters regardless of acts of third parties.
In commenting on LRS 4:150(A) as well as Loftin’s specification of error No. 3 that there was a denial of equal protection or equal treatment of the laws, we quote our brethren on the Third Circuit with approval.
“[4, 5] It is true that the statute does not set out any specific penalty for a specific violation; however, the determination of a fine or other penalty is vested in the Commission subject to judicial review for abuses of discretion. Here the penalty given, three years suspension, is not an abuse of discretion and is not constitutionally excessive.
The flexibility of the statute in allowing the Commission to look to all the evidence and consider all the surrounding circumstances before imposing a fine or penalty, once all due process and equal protection considerations are met, subject to judicial review, meets the legislative intent and policy, is uniform in its application and effect, and, is constitutional in its application. To hold otherwise would be to mandate the same penalties for a similar violation regardless of its frequency of occurrence and/or sever-ety. We hold, therefore, that LSA-R.S. 4:155 is constitutional and does not allow an unequal application of the law.” Briley v. Louisiana State Racing Commission, 410 So.2d 802 (La.App. 3rd Cir. 1982)
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. All costs to be borne by appellant.
AFFIRMED.
WILLIAMS, J., concurs without reasons.