BARRY, Judge.
A racehorse trainer complains that the Louisiana State Racing Commission imposes disproportionate sanctions for the same violations.
A horse trained by George Sálicos finished fourth at Delta Downs Race Track. A post-race analysis and a split sample of the horse’s urine was positive for prohibited stimulants. The Commission suspended Sálicos’ license for two years, imposed a $500 fine, and the trial court affirmed.
Sálicos’ sole issue asks whether trainers have the right to equal penalties for the same violation. He contends the court erred by not remanding for additional evidence on the penalty. La.R.S. 49:964(G).[1] He asserts his penalty is overly severe *118 compared to sentences imposed on two other trainers who were suspended for six and thirteen months for the same offense. Sá-licos maintains R.S. 4:155[2] violates the Louisiana Constitution.
Sálicos was previously suspended for violations of the medication rule. Equal protection does not require that each trainer found guilty of the same offense be given the same penalty, as each case must stand upon its own circumstances. Loftin v. Louisiana State Racing Commission, 449 So.2d 136 (La.App. 4th Cir.1984). In Loftin we specified:
“It is true that the statute (R.S. 4:155) does not set out any specific penalty for a specific violation; however, the determination of a fine or other penalty is vested in the Commission subject to judicial review for abuses of discretion. Here the penalty given, three years suspension, is not an abuse of discretion and is not constitutionally excessive.
The flexibility of the statute in allowing the Commission to look to all the evidence and consider all the surrounding circumstances before imposing a fine or penalty, once all due process and equal protection considerations are met, subject to judicial review, meets the legislative intent and policy, is uniform in its application and effect, and, is constitutional in its application. To hold otherwise would be to mandate the same penalties for a similar violation regardless of its frequency of occurrence and/or severity. We hold, therefore, that LSA-R.S. 4:155 is constitutional and does not allow an unequal application of the law.” Briley v. Louisiana State Racing Commission, 410 So.2d 802 (La.App. 3rd Cir. 1982), writ denied, 414 So.2d 375 (La. 1982).
The Commission’s decision is supported by the evidence and is not arbitrary or capricious.
AFFIRMED.

. La.R.S. 49:964(G) provides in part:
The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced bfecause the administrative findings, inferences, conclusions or decisions are:
(1)In violation of constitutional or statutory provisions:
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

. R.S. 4:155 specifies:
The commission may impose upon a licensee a fine not exceeding ten thousand dollars and may suspend a- licensee indefinitely, or both. Any commission action taken herein shall be consistent with the provisions of this Part.