GARRISON, Judge.
The appellant, Joe Duhon, was licensed as a horse trainer by the Louisiana State Racing Commission. This license was revoked by the Commission, effective August 6,1985, after three post-race urine tests on horses trained by the appellant indicated the presence of the prohibited drug apo-morphine. The Commission based its decision to revoke appellant’s license on the Louisiana State Racing Commission “Rules of Racing” which do not include apomor-phine as one of the permitted medications which may be administered to racing horses. Appellant appealed the Commission ruling to the Orleans Parish Civil District Court. The trial judge upheld the ruling of the Commission but stayed the decision of the Commission until final disposition by the courts.
Appellant now comes before this Court appealing the trial court ruling upholding the revocation of his license. Appellant bases his appeal on his allegations that the racing rules pertaining to permitted and prohibited regulations are unconstitutionally vague and penalties for violations of those regulations amount to the deprivation of property rights without due process of law.
LAC 35:1501 states as follows:
“Except as a licensed veterinarian may otherwise be permitted by law or in his or her general veterinary practice, the administration, use, application and/or possession of any narcotic, stimulant, depressant or local anesthetic are prohibited within the confines of a race track or within its stables, buildings, sheds or grounds, or within an auxiliary stable area (as defined in LAC 35:5901) where the horses are lodged or kept which are eligible to race over a race track of any association holding a race meeting.”
Furthermore, other racing rules pertinent to this case are as follows:
LAC 35:1509 states, in pertinent part:
“Permitted medication shall mean the use of Phenylbutazone and bleeder medication as provided in this rule.”
LAC 35:1713 states:
“A forbidden narcotic is a narcotic, the sale, possession, or use of which is prohibited by Federal, State or local laws or regulations.”
LAC 35:1715 states:
“A stimulant, a depressant, a local anesthetic shall mean such substances as are commonly used by the medical and veterinary professions to produce such effects, and which are defined as such in accepted scientific publications.”
We conclude that the racing rules pertaining to permitted and prohibited medications are not unconstitutionally vague. To the contrary, because the rules clearly define permitted medications, it follows that all other medications are prohibited.
Furthermore, testimony at appellant’s hearing before the Commission established that apomorphine is a powerful stimulant and that this fact is well known throughout the racing industry. Therefore, the presence of this drug in the horses trained by appellant was a clear violation of 35:1501 and appellant cannot now attempt to have *385 his flagrant violations of established racing rules overlooked by his meritless claim of unconstitutional vagueness.
In his supplemental brief, the defendant argues that the racing commission acted arbitrarily and capriciously in revoking his trainer’s license for life. Specifically, the defendant points out that several other trainers who violated the prohibited medication rule within the same general time period as defendant’s violation received either three month or six month suspensions by the racing commission. According to the defendant, the difference between the lighter sentences given to other offenders of the prohibited medication rule and the commission’s revocation of defendant’s trainer’s license for life amounts to an abuse of power by the racing commission.
In Salicos v. Louisiana State Racing Commission, 482 So.2d 117 (La.App. 4th Cir.1986), this Court held that the imposition by the racing commission of disproportionate sanctions for the same violations is not, in and of itself, evidence of arbitrary and capricious action. Furthermore, the Court stated:
“Equal protection does not require that each trainer found guilty of the same offense be given the same penalty, as each case must stand upon its own circumstances. Loftin v. Louisiana State Racing Commission, 449 So.2d 136 (La.App. 4th Cir.1984).”
Therefore, we reject defendant’s argument that disproportionate penalties for the same or similar violations of racing rules amount to an abuse of power by the racing commission. However, we do find that the lifetime revocation of defendant’s trainer’s license was an excessive penalty for defendant’s actions. Although defendant was the trainer of three horses that tested positive for the drug apomorphine during a nine day period, he has no prior violations of the prohibited medication rule.
We agree that defendant should be penalized for his actions; however, the lifetime revocation of his trainer’s license is unduly harsh. Therefore, we affirm the portion of the trial court judgment upholding the commission ruling that the defendant violated the Racing Commission’s prohibited medication rule. However, we reverse the Commission’s revocation of defendant’s trainer’s license for life and we remand this case to the Racing Commission for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENC-ING.
WILLIAMS, J., concurs with written reasons.