CARTER, Judge.
This is an appeal from a trial court judgment on a petition for judicial review.
FACTS
Petitioner, Henry Cox, Sr., operates a meat market in Reserve, Louisiana, under the name of Cox’s Meat Market. On December 5, 1988, the Louisiana Department of Agriculture and Forestry (Department) allegedly seized approximately 900 pounds of meat from petitioner’s business establishment. Thereafter, by letter dated December 14, 1988, petitioner was charged by the Department with ten violations of the Louisiana Meat Inspection Laws in that he allegedly manufactured, transported, and sold uninspected pork products for human consumption.
An adjudicatory proceeding was subsequently held, and the hearing examiner determined that petitioner violated LSA-R.S. 3:4210 in that he manufactured and transported an uninspected pork product for sale to other business establishments for resale without meeting the proper wholesale inspection requirements. Pursuant to LSA-R.S. 3:4233, petitioner was assessed with a penalty of $20,000.00 for the ten violations; $18,000.00 of this penalty was suspended if the fine was paid within thirty days. Petitioner was also placed on probation for a period of one year.
Thereafter, petitioner filed the instant petition for judicial review. After a hearing, the trial judge reversed the findings made at the adjudicatory proceeding, determining that the making of smoked and andouille sausage is a type of meat processing which is exempt from the inspection requirement under LSA-R.S. 3:4215 B.
From this adverse judgment, the Department appealed, assigning as error the trial court’s determination that the selling of a meat product by a retail establishment to other retail establishments is a customary retail business, exempt from the inspection requirements.
SALE OF MEAT PRODUCTS IN VIOLATION OF MEAT INSPECTION LAW
LSA-R.S. 3:4201 et seq., the Meat and Poultry Inspection Law, imposes and enforces inspection requirements with respect to intrastate operations and commerce at *22 least equal to those imposed on interstate operations and commerce. LSA-R.S. 3:4202. Inspection of all meat food products prepared in any slaughtering, meat-canning, salting, packing, rendering, or similar establishment where meat products are prepared solely for intrastate commerce is required under LSA-R.S. 3:4206. Any and all meat products inspected pursuant to this provision bear a stamp, mark, or label acknowledging that the product is “Louisiana Inspected and Passed.” LSA-R.S. 3:4206.
LSA-R.S. 3:4210 prohibits the sale or transportation of meat products for use as human food unless they have been inspected. That provision states, in pertinent part:
No person, firm or corporation shall, with respect to any cattle, sheep, poultry, swine, goats, horses, mules or other equines, or any carcasses, parts of carcasses, meat or meat products of any such animals:
[[Image here]]
(2) Sell, transport, offer for sale or transportation, or receive for transportation, in intrastate commerce, (a) are capable of use as human food, and (b) are adulterated or misbranded at the time of sale or transportation; or (c) any articles required to be inspected under this Chapter unless they have been so inspected and passed, (footnotes omitted).
In the instant case, the evidence established that petitioner sold smoked and andouille sausage, which he made at his meat market, to three New Orleans restaurants. Gus Trapani, a Department compliance officer for meat inspection, testified that he observed uninspected smoked and andouille sausage at each of the New Orleans restaurants. Trapani determined that the meat products originated from Cox’s Meat Market because the owners of these business establishments produced bills from Cox’s for the purchases. Trapa-ni also testified that, when confronted with copies of the bills, petitioner admitted that he sold smoked and andouille sausage to the New Orleans restaurants.
The record clearly establishes that, although the meat petitioner used in making his smoked and andouille sausage was inspected prior to incorporation into sausage, the sausage products were not inspected prior to being sold to the restaurants. Therefore, based upon the record, we find that the hearing examiner’s findings that Cox sold uninspected meat products in violation of LSA-R.S. 3:4210 is not erroneous.
Having determined that Cox sold uninspected smoked and andouille sausage in violation of LSA-R.S. 3:4210, we must determine whether the exemption set forth in LSA-R.S. 3:4215 is applicable.
LSA-R.S. 3:4215 B provides as follows:
The provisions of this Chapter requiring inspection of the slaughter of animals and the preparation of carcasses, parts thereof, meat and meat food products shall not apply to operations of types traditionally and usually conducted at retail stores and restaurants, when conducted at any retail store or restaurant or similar retail type establishment for sale in normal retail quantities or service of such articles to consumers at such establishments.
Under the plain language of the exemption, operations traditionally and usually conducted at retail stores and restaurants, when conducted at any retail store or restaurant or similar retail type establishment, in normal retail quantities are not subject to the inspection provisions.
In the instant case, the only evidence of the applicability of this exemption was the testimony of Gus Trapani. Trapani admitted that he was aware that St. John Parish area residents had been making and selling smoked and andouille sausage in their retail stores for generations. The trial judge determined that this evidence sufficiently established petitioner’s entitlement to the exemption. We disagree.
The meat and poultry inspection laws in Louisiana were enacted to prevent unin-spected and/or adulterated meat products from entering intrastate commerce and to protect the public from such products. The lack of proper inspection of food products, specifically meat products, poses potential *23 health risks. The proper enforcement of the meat and poultry inspection laws is of primary' importance. While we acknowledge that petitioner may be entitled to the exemption set forth in LSA-R.S. 3:4215, we find that the record is devoid of evidence sufficiently establishing his entitlement to the exemption. Neither petitioner nor any other local establishment owner testified regarding the type of operations traditionally and usually conducted by retail establishments. Moreover, no evidence was offered to show that the amount of smoked and andouille sausage sold by petitioner could be classified as “normal retail quantities.”
Therefore, we find that, pursuant to LSA-C.C.P. art. 2164, the interests of justice require that the matter be remanded for the introduction of evidence to determine whether petitioner is entitled to the exemption contained in LSA-R.S. 3:4215.
CONCLUSION
For the above reasons, the judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are to await a final determination on the merits.
REVERSED AND REMANDED.