hGONZALES, Judge,
concurring in part, and dissenting in part.
In dissenting, I first point out that on the first appeal of this case, Cox v. Louisiana Department of Agriculture and Forestry, 597 So.2d 20 (La.App. 1st Cir.1992), this court improperly remanded the case to the trial court for a determination of whether Cox was entitled to the exemption in La.R.S. 3:4215(B). The remand should have been made to the administrative agency which is the original trier of fact and the “court” of record in this matter.
Secondly, although I concur with the finding that Cox was not entitled to the exemption set forth in La.R.S. 3:4215(B), I respectfully dissent from the majority’s affirmance of the trial court’s setting aside of the penalty against Cox. In reviewing this case under the APA, the trial court was sitting in an appellate mode and was thus bound by appellate standards of review. Matter of American Waste & Pollution Control Company, 588 So.2d 367 (La.1991); Matter of Carline Tank Services, Inc., 627 So.2d 669 (La.App. 1st Cir.1993). In this case, the proper appellate standard limited the trial court’s ability to reverse the department’s fine only upon a finding that the imposition of the fine was arbitrary, capricious, or characterized as an abuse of discretion. In the Matter of McGowan, 533 So.2d 999, 1004 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1168 (La.1989).
In his written reasons for judgment, the trial court gave the following reasons for setting aside the penalty:
*957 Mr. Cox was an innocent offender as were the other retailers who were cited. All other fines were suspended. Mr. Cox terminated delivery to restaurants immediately upon being warned. Mr. Cox has not received equal treatment under the law. Further, there was an unlawful attempt to chill his right to appeal by the hearing officer. Mr. Cox received a twenty thousand dollar fine. Eighteen thousand was suspended if he paid within thirty days. Mr. Cox should receive the same punishment as the other offenders. The final ruling of the hearing examiner is affirmed with the exception that all of the fine is suspended.
Although the evidence presented at the hearing on remand may have led the trial court to the conclusion that Cox was the only seller in the Reserve, Louisiana area against whom a penalty was assessed, the imposition of disproportionate sanctions for the same or similar violations is not, in and of itself, evidence of arbitrary and capricious action. Duhon v. Louisiana State Racing Commission, 527 So.2d 383, 385 (La.App. 4th Cir.1988); Salicos v. Louisiana State Racing Commission, 482 So.2d 117 (La.App. 4th Cir.1986). Further, the trial court articulated no reasons to support his conclusion that the hearing officer unlawfully attempted to chill Cox’s right to appeal.
It is elementary that a court’s function is not to weigh the available evidence de novo and to substitute its judgment for that of the agency. Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984). The trial court was not at liberty to make a de novo evaluation of the department’s reasons for fining Cox.
I also dissent from the majority’s separate de novo finding that “the penalty imposed on Cox was arbitrary, capricious, and characterized by an abuse of discretion.” 13Courts of appeal do not try cases — we review them. To the extent the majority is making its own findings regarding the propriety of the fine assessed against Cox, I believe it is using an improper standard of review.
Thus, for the foregoing reasons, I concur in part and dissent in part.