SMITH, Justice,
for the Court:
This case comes as an appeal from an order of the Chancery Court of Harrison County awarding attorneys fees and interest over the objection of the trustee for the Estate of Jakie Sparkman.
Attorney Mike Smith was retained by the family of Jakie Sparkman to represent Sparkman’s interest and claim for damages arising out of the November 8, 1982, fire in the Biloxi City Jail. As a result of the fire, Sparkman was confined to the Biloxi Regional Medical Center where he remained in a coma until his death on May 11,1988. Smith associated C.R. McRae to assist him in the litigation.
A settlement was entered into with two defendants in the amount of $1,350,000. An additional settlement of $205,801 was also received by the Estate through the efforts of its attorneys. The contract with the attor *1259 neys provided for a contingency of “33%% of recovery made without filing suit and 40% in the event suit is filed.” The court approved attorneys fees of $540,000 and $82,328.40 based on this contingency contract.
Sometime after the settlements, the Mississippi Department of Corrections sought to relieve itself of the responsibility for Spark-man’s hospitalization. After a hearing, the chancellor found that Sparkman should still be declared an indigent prisoner and remain the responsibility of the State. After Spark-man’s death and while negotiations were still ongoing with the State, the Biloxi Regional Medical Center made a claim of $125,126.34 for medical expenses against the Estate. The attorneys were successful in compromising the claim for $93,052 and having the claim paid by the Mississippi Department of Corrections. The attorneys then filed their Petition to Authorize Attorneys Fees and Allow Attorneys to Withdraw. The attorneys claimed that they were entitled to 40% of the $93,052.50 or $37,221 of the amount paid to the Biloxi Regional Medical Center by the Department of Corrections. The heirs objected and a hearing was held. The chancellor allowed the attorneys fee plus interest from the date the bill was paid.
The final judgment awarded $37,221 with interest of 6.5% from November 3,1988, with the amount of interest being calculated as $43,017.06 resulting in an award against the Estate of $80,238.06 as a result of this alleged $93,052 savings to the Estate. The Estate appeals and raises the following issues:
I. DID THE HONORABLE CHANCELLOR ERR IN AUTHORIZING THE PAYMENT OF $35,221.00 TO ATTORNEYS MIKE SMITH AND C.R. McRAE; and
II. DID THE HONORABLE COURT ERR IN AWARDING THE ATTORNEYS EXCESSIVE INTEREST ON THE ATTORNEYS’ FEE JUDGMENT?
We find that there was no authority whatsoever for the chancellor’s awarding these attorneys fees or the interest. Under the clear language of the contract of employment, the attorneys were entitled to 40% of “recovery.” The hospital debt, which served as the basis for the award, was never properly chargeable to the Estate. Since the Sparkman estate did not make an additional recovery or enter into a new contract with the attorneys, the attorneys were not entitled to an additional fee.
This judgment is reversed and rendered.
THE FACTS
On November 8, 1982, a fire occurred at the Harrison County jail in Biloxi, Mississippi, which resulted in the deaths of twenty-nine inmates and injury to other inmates. When the jail caught fire smoke and toxic fumes from burning and smoldering padding caused severe brain and pulmonary injuries to inmate Jakie Sparkman such that he was comatose for the remainder of his life.
On November 23, 1982, Annie Mae Spark-man was appointed general guardian of Jakie Sparkman and letters of guardianship were issued. On the same date the court approved the attorney’s contract which Ms. Sparkman had signed with Mike Smith on November 12, 1982. This contract was a form contract which provided that the attorney could receive “33% per cent of recovery made without filing suit and 40 per cent in the event suit is filed.”
By court decree, the attorneys were awarded attorney’s fees of $540,000 and expenses of $4,249.71 out of settlement proceeds of $1,350,000 under the employment contract. On April 18, 1988, the attorneys were awarded attorney’s fees of $82,320.40 and expenses of $135 out of further settlement proceeds of $205,801 under the contract.
Jakie Sparkman died on May 11, 1988, while still a patient at the Biloxi Regional Medical Center. On July 28, 1988, Annie Mae Sparkman was appointed the Adminis-tratrix of the Estate of Jakie Sparkman.
After the settlements were reached, the Mississippi State Department of Corrections refused to pay medical expenses incurred by Sparkman. On August 3, 1988, the Biloxi Regional Medical Center filed a claim against the Estate of Jakie Sparkman alleging that it was entitled to $125,126.34 for medical treat *1260 ment and care. On or about December 28, 1988, the attorneys reached a compromise on the disputed claim whereby the Mississippi Department of Corrections was required to •pay $93,052.50 in settlement to the Biloxi Regional Medical Center and the Center agreed to withdraw its claim against the Estate.
On June 16, 1988, the attorneys filed a Petition to Authorize Attorney’s Fees and Allow Attorneys to Withdraw. In this petition the attorneys claimed entitlement to 40% of the $93,052.50 “savings to the estate” purportedly in accordance with the terms of the provisions of the contract. The heirs of Jak-ie Sparkman filed objections to the petition. A hearing was held on December 3, 1990, with C.R. McRae the only witness testifying.
The court entered its Finding, Conclusions and Order on December 19, 1990, finding that “this legal service performed by the petitioning attorneys more than likely saved the estate or guardianship the sum of $125,-126.34 but certainly the sum of $93,-052.50_” The court found the attorneys were entitled to the amount of $37,221 with interest from and after November 3, 1988, the date the medical bill was paid.
The judgment filed on March 22, 1991, awarded “attorney’s fees in the amount of $37,221.00 together with interest from and after November 3rd, 1988, at the cumulative rate of 6.5% interest until paid.” The judgment went on to order payment of “$37,-221.00 together with interest in the amount of $43,017.06 which represents interest thorough January 4th, 1991, for a total Judgment in the amount of $80,238.06 dollars.”
This appeal is brought by the Estate of Jakie Sparkman and Maggie Anderson Ma-gee, Substitute Administratrix. Maggie Anderson Magee is the mother of Kincharlsa Anderson. Although not part of the record, the appellant states that a settlement was reached among the alleged heirs of Spark-man, and Maggie Anderson Magee’s son Kin-charlsa, who was acknowledged and adjudicated as the child of Jakie Sparkman, is now the sole heir-at-law.
DISCUSSION
I. DID THE HONORABLE CHANCELLOR ERR IN AUTHORIZING THE PAYMENT OF $37,221 TO ATTORNEYS MIKE SMITH AND C.R. McRAE?
The contract of employment provides:
We, George Sparkman & Annie Spark-man, the undersigned client, do hereby employ Mike Smith, Attorney at Law to represent us and our son Jakie Sparkman and to institute proceedings for damages against all responsible parties, or any other person, firm, or corporation liable therefor, resulting from an accident that occurred on about Nov. 8, 1982.
For services rendered and to be rendered, I set over and assign to my attorney an undivided contingent interest in and to said claim in the following percentages: 33/é per cent of recovery made without filing suit and 40 per cent in the event suit is filed .
It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, I will not owe my attorney any sum whatever as attorneys’ fees.
This contract was signed by the Sparkmans and “accepted upon the terms therein stated” by Mike Smith. No one has suggested that there is an additional contract covering attorney services or that this contract was modified by either side prior to the events under discussion.
The terms of the contract specifically state that the attorneys shall receive a percentage of “recovery” or “if no recovery is made, I will not owe my attorney any sum whatever as attorneys’ fees.” It is undisputed that no money relative to this transaction ever passed to or through the Estate.
When the court ruled that the Department of Corrections was legally obligated to pay the medical bill, no “recovery” was made by the Estate. The ruling was that this was not a debt of the Estate but rather a debt of the Mississippi Department of Corrections. Although the attorneys acting for the Estate were required to act in resolving this disputed claim, there is no indication that this claim *1261 would ever validly be chargeable to the Estate.
In its findings and conclusions, the lower court did not find that the Estate “recovered” the $93,052.50; the finding was “[t]hat this legal service performed by the petitioning attorneys more than likely saved the estate or guardianship the sum of $125,-126.34, but certainly the sum of $93,-052.50_” The court did not state any authority or legal basis for making the award.
In Tyson v. Moore, 613 So.2d 817, 824 (Miss.1992) this Court discussed contingency fees, stating that “[t]he attorney’s right to recover a contingency fee cannot vest until the contingency, for which he has contracted, has occurred.” (citing Pollard v. Joseph, 210 Miss. 828, 834-35, 50 So.2d 546, 548 (1951)). The Court in Tyson also stated that “[a] contract between lawyer and client, including a fee contract, should be construed ‘as a reasonable person in the circumstances of the client would have construed it.’ American Law Institute, Restatement (Third) of the Law Governing Lawyers (T.D. No. 5, § 29A(2) (1992)).” Id.
The burden is upon the attorney to establish clearly the contract under which he is entitled to retain his client’s money as fees. Reid v. Johnson, 106 So.2d 624, 627 (Fla.App.1958). The Court in Reid also cites the following from In re Irwin, 162 Or. 221, 91 P.2d 518, 523 (1939):
“We quote from 7 C.J.S. Attorney and Client § 182 at p. 1058: ‘Consistent with the general rules of construction, however, the courts are unwilling to find that services were not included in the contract, and in doubtful cases will usually decide the point against the attorney, particularly when the client did not request the services or understand that they were outside the contact.’ From 5 Am.Jur., Attorneys at Law, § 159, p. 356, we quote: ‘A doubtful or ambiguous contract for professional services and for the compensation of an attorney who drew it should be construed in favor of the client.’ ”
It was not unreasonable for the Estate to expect the attorneys to represent it in the resolution of this claim under the contingency contract and its fee arrangement. This was hardly pro bono work; the fees already paid at the time of this dispute were in excess of $600,000. There is no indication or testimony supporting the conclusion that the Estate knew or should have known that the attorneys were entitled to or expected an additional fee unless additional monies were also collected. Given that the attorneys drafted the contract, the contract should be construed in favor of the client.
The contract clearly states that where there is no recovery there is no fee. The lower court was clearly in error in awarding an additional fee for the services rendered. This award is reversed and rendered.
II. DID THE HONORABLE COURT ERR IN AWARDING THE ATTORNEYS EXCESSIVE INTEREST ON THE ATTORNEYS’ FEE JUDGMENT?
Even the appellees agree that the judgment was in error in the calculation of interest on the attorneys fees awarded. The lower court awarded 6.5% interest but calculated more interest than the judgment amount on which it was based.
This award was not based on the contract between the parties which is the purported basis for the fee. Nor is the interest based on statute or ease law. The petition seeking the attorneys fees did not request interest. There was no testimony taken at the hearing on this point nor any support offered in the briefs filed in the lower court and made a part of this appeal record. There is in short nothing before this Court which would support this award of interest in whole or in part.
Miss.Code Ann. § 75-17-7 (1972), governing interest on judgments and decrees, states:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair *1262 but in .no event prior to the filing of the complaint.
This statute does not justify the interest award since the contract did not specify any interest, and the interest was calculated from a time prior to the filing of the complaint or petition. The trial judge abused his discretion in making this award in addition to making a major calculation error.
In light of the previously assigned error, this argument is also moot. The award of interest is reversed and rendered.
CONCLUSION
The contingency contract between the parties called for payment only when there was a recovery. The award of attorneys fees will be reversed since the lower court had no authority to award any such fees in this case. Likewise, the award of prejudgment interest is clearly erroneous where there was no provision in the contract between the parties and the statutory and case law basis for such an award is totally lacking. This case is reversed and rendered.
REVERSE AND RENDER.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN and JAMES L. ROBERTS, Jr., JJ., concur.
BANKS, J., dissents with separate written opinion joined by DAN M. LEE, P.J.
McRAE, J., not participating.