# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00896-SCT

*FAYE ELLIS, CONSERVATOR OF THE ESTATE OF
SUSAN LONG GRIFFIN*

*v.*

*ANDERSON TULLY COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/05/97 |
| TRIAL JUDGE: | HON. VICKI R. BARNES |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | PAUL SNOW |
| | CHARLES E. GRIFFIN |
| ATTORNEY FOR APPELLEE: | KENNETH B. RECTOR |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 12/31/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/3/99 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. This action arose from an automobile accident on August 14, 1993. Susan Long Griffin was a passenger in a vehicle driven by Namie J. Tuggle. Faye Ellis, Griffin's mother and appointed conservator, filed a lawsuit on behalf of Griffin against Tuggle and Isle of Capri Casino seeking general damages for Griffin's injuries.

¶2. Griffin was covered by a plan of medical insurance through her husband's employer, Anderson Tully Company (ATCO). ATCO paid the majority of Griffin's medical expenses under the plan.

¶3. On May 4, 1995, ATCO filed a "Complaint for Declaratory Judgment" in Warren County Circuit Court seeking clarification of the rights and obligations of all parties connected with the accident. Before the circuit judge resolved this claim, Tuggle and his insurers interpleaded the policy limits of Tuggle's $100,000 policy in Warren County Chancery Court. The Chancellor held ATCO was entitled to receive the entirety of the fund based on the subrogation agreement in ATCO's group benefit plan. The Chancellor ordered the interpleaded funds not be distributed until the resolution of Ellis's circuit court law suit against Tuggle,

subject to Tuggle's insurer having the right to reclaim the funds if there were a finding of non-liability. Ellis filed a motion to reconsider asking the Chancellor to address the issue of attorneys' fees. The Chancellor found Ellis's attorneys were not entitled to any fees from the interpleaded funds. Ellis now appeals.

## FACTS OF THE CASE

¶4. On August 14, 1993, Griffin was a passenger in a vehicle driven by Tuggle. Tuggle ran off the road after he and Griffin left the Isle of Capri Casino. In the accident Griffin suffered severe permanent brain injuries and incurred substantial medical expenses. Tuggle's negligence was allegedly a proximate cause of the accident and Griffin's injuries. Allegedly the Isle of Capri Casino served Tuggle alcoholic beverages to the point where he was visibly intoxicated. Intoxicated, Tuggle left the Isle of Capri Casino and the accident occurred.

¶5. Griffin was covered by a plan of medical insurance through her husband's employer, ATCO. ATCO paid the majority of Griffin's medical expenses under the plan.

¶6. ATCO's medical group benefit plan provides the following:

> In the event any hospital service or medical benefit is provided or any payment is made to a member under this Document, the Claims Service Manager shall be subrogated and succeed to the member's or dependent's right of recovery against any person or organization, and the member shall execute and deliver such instruments and take such other actions as the Service Manager may require to secure such rights. Neither the member nor the dependent will do anything to prejudice the rights given the Claims Service Manager by this paragraph without its consent.

¶7. At the time of the accident, Tuggle had liability insurance coverage of $100,000 through Kemper National Insurance Company and American Mutual Insurance Company. Griffin's husband was also covered by an under insured motorist policy from State Farm Insurance Company for $26,000. [1]

¶8. On May 4, 1995, ATCO filed a "Complaint for Declaratory Judgment" in Warren County Circuit Court seeking clarification of the rights and obligations of all parties connected with the accident. Before the circuit judge resolved this claim, Tuggle and his insurers interpleaded the policy limits of Tuggle's $100,000 policy in Warren County Chancery Court. Without issuing a final decision, the circuit judge sent the case to Warren County Chancery Court for a determination of the rights of the parties in the pending interpleader action. [2]

¶9. On August 8, 1996 Faye Ellis, as Griffin's conservator, filed a lawsuit on behalf of Griffin against Tuggle and the Isle of Capri Casino seeking general damages for Griffin's injuries.

¶10. ATCO and Ellis filed an answer to the interpleader and cross-claimed against each other for the insurance funds. Both parties also filed motions for summary judgment. The Chancellor held ATCO was entitled to receive the entirety of the fund based on the subrogation agreement in ATCO's group benefit plan. The Chancellor ordered the funds not be distributed until after the resolution of Ellis's Circuit Court suit against Tuggle, subject to Tuggle's insurer's right to recover the funds upon a finding of non-liability.

¶11. Ellis filed a motion to reconsider and asked the Chancellor to address the issue of attorneys' fees. The Chancellor found Ellis's attorneys did not have a lien on the interpleaded funds and they were not entitled to collect fees from the interpleaded funds to satisfy the one-third contingency fee agreement with Ellis. The

basis for the Chancellor's decision was there had been no recovery of funds by Ellis and the doctrines of quantum meruit and quasi-contract did not apply.

¶12. Ellis appealed the Chancellor's decision listing six assignments of error.

**I. WHETHER ATCO'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

**II. WHETHER MISSISSIPPI STATE LAW APPLIES INSTEAD OF ERISA**

**III. WHETHER THE FACTS OF THIS PARTICULAR CASE CONSTITUTE AN EXCEPTION TO THE GENERAL RULE, NO MATTER WHAT LAW APPLIES**

**IV. WHETHER THE FEDERAL COMMON LAW UNDER ERISA ADOPTS THE "MADE WHOLE" RULE**

**V. WHETHER *SUNBEAM-OSTER CO., INC. GROUP BENEFIT PLAN FOR SALARIED & NON-BARGAINING HOURLY EMPLOYEES v. WHITEHURST* IS DISTINGUISHABLE**

**VI. WHETHER ATCO SHOULD BE REQUIRED TO PAY THE REASONABLE COSTS OF COLLECTION**

## DISCUSSION OF LAW

¶13. In affirming the decision below, we find it necessary to address only assignments I and VI of Ellis's assignments of error. Ellis's other assignments of error have no merit.

**I. WHETHER ATCO'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS**

¶14. This Court uses a *de novo* standard of review when passing on questions of law. *Mississippi Farm Bureau Cas. Ins. Co. v. Curtis*, 678 So. 2d 983, 987 (Miss. 1996).

¶15. Ellis argues ATCO's claim to the interpleaded funds is barred by the statute of limitations because ATCO failed to file suit against Tuggle within three years of the date of the accident.

¶16. A time line of the events will be helpful in addressing the statute of limitations question.

August 14, 1993 Griffin's accident

May 4, 1995 Declaratory Judgment suit by ATCO

March 26, 1996 Insurance funds interpleaded by Tuggle

August 8, 1996 Ellis sues Tuggle

August 14, 1996 Three year statute of limitations ends

¶17. Both parties have ignored the determinative factor for the statute of limitations question. In its declaratory judgment suit filed March 4, 1996, ATCO asked for a declaration of the rights and obligations of all parties. This proceeding was brought well within three years of the date of the accident. This action

was appropriate since ATCO had paid Griffin's medical expenses, but had not obtained a subrogation agreement from Ellis. By asking for a declaratory judgment, ATCO asserted its rights to any funds paid to Ellis for Griffin's medical expenses. ATCO did so within the three year statute of limitations and thus is not barred from collecting any funds paid to Ellis under the subrogation agreement.

¶18. For this reason, Ellis's claim that ATCO's right to the interpleaded funds is barred by the statute of limitations has no merit.

## VI. WHETHER ATCO SHOULD BE REQUIRED TO PAY THE REASONABLE COSTS OF COLLECTION

¶19. "The standard for review of the award of attorneys' fees is abuse of discretion, and such awards must be supported by credible evidence." *Regency Nissan, Inc. v. Jenkins*, 678 So. 2d 95, 103 (Miss. 1995).

¶20. Ellis argues the Chancellor erred in determining Ellis could not recover attorneys' fees from the interpleaded funds.

¶21. Ellis's attorneys assert they have a lien on the interpleaded funds awarded to ATCO in the amount of one-third of the $100,000 based on their one-third contingency fee agreement with Ellis. The Chancellor found Ellis's attorneys would be entitled to a contingency fee only when Ellis received a recovery. Because there was no recovery by Ellis, her attorneys were not entitled to any portion of the $100,000 in interpleaded funds.

¶22. The Chancellor based her decision on this Court's holding in *Magee v. Smith*, 639 So. 2d 1258 (Miss. 1994). In *Magee,* we stated in the context of a contingency fee contract, if there is no recovery for the client, there is no basis for a contingency fee award. *Magee,* 639 So. 2d at 1261. Citing *Reid v. Johnson*, 106 So. 2d 624, 627 (Fla. Dist. Ct. App. 1958), we further stated the "burden is upon the attorney to establish clearly the contract under which he is entitled to retain his client's money as fees." Id.

¶23. The Chancellor correctly reasoned because Ellis had yet to recover any money for Griffin, the contingency on which the contract was based -- recovery-- had not occurred. With no recovery, Ellis's attorney's rights had not vested. *See Tyson v. Moore*, 613 So. 2d 817, 824 (Miss. 1992) (holding reasonable interpretation of contingency fee contract would be attorney's right to recover cannot vest until recovery).

¶24. The Chancellor also found Ellis's attorneys were not entitled to any recovery under a quantum meruit or unjust enrichment theory. We have found quantum meruit is a possible method for determining attorneys' fees. *Duggins v. Guardianship of Washington*, 632 So. 2d 420, 431 (Miss. 1993). In order for a quantum meruit award to be proper, the claimant must have a reasonable expectation of payment for services. The claimant's measure of recovery is the reasonable value of the services. *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987).

¶25. To collect under an unjust enrichment or quasi-contract theory, the claimant must show "there is no legal contract but . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another." *Estate of Johnson*, 513 So. 2d at 926 (quoting *Hans v. Hans* 482 So.2d 117, 1122 (Miss.1986)).

¶26. The Chancellor found ATCO acted within a reasonable time to lay claim to the funds. In doing so,

ATCO acted by and through an attorney to protect its rights and did not rely on the work of Ellis's attorneys. For these reasons the Chancellor found Ellis's attorneys did not have either a quantum meruit or quasi-contract claim to a portion of the interpleaded funds.

¶27. The Chancellor's findings are well supported by the record and we find the Chancellor did not abuse her discretion in refusing to award Ellis's attorneys a portion of the interpleaded funds as attorneys' fees. This assignment has no merit.

## CONCLUSION

¶28. ATCO's claim to the interpleaded funds is not barred by the three year statute of limitations. ATCO filed a declaratory judgment action well within the three year period to protect its rights. The Chancellor did not abuse her discretion in denying Ellis's attorneys' claim to a portion of the interpleaded funds. The decision of the Chancellor below is affirmed.

**¶29. AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶30. The majority misconstrues that this is a claim of the attorney, not that of Ellis, the party to the litigation. Ellis simply seeks the right to attorneys fees before the insurance company may claim its subrogation on the back of Ellis' lawsuit for liability. This case is strictly a contest between Ellis and the insurance company as to who gets what money. The lawyer is required to fight the casea fact the Chancellor held back to see whether or not they would even get any money. If there was no liability, there would be no claim by either Ellis or the insurance company; therefore, Tuggle's insurance company would reclaim all of the funds. In this case, the insurance company not only piggy-backed on Ellis' claim and her attorneys' service, but also used Ellis to determine if they were entitled to the money. Such action is unjust under ***Dunnam v. State Farm Mut. Auto. Ins. Co.***, 366 So. 2d 668, 672 (Miss. 1979), which held that Dunnam was "legally entitled to full recovery of the amount of her judgment" before the insurance company was entitled to subrogation. Given the above analysis, justice is only attainable if Ellis' attorneys' liens are primary to the subrogation claim of ATCO. Accordingly, I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**

1. This $26,000 from State Farm was not addressed by the Chancellor and is not addressed by ATCO. Ellis states in a prefatory note to her brief that State Farm is in the process of tendering $25,000 into the Warren County Chancery Court. No mention of where this money is or its status is found anywhere in the record.

2. The only evidence in the record of the resolution of the Circuit Court claim is found in the Chancellor's findings. "On September 20, 1996 the Warren County Circuit Court dismissed the claim pending therein and yielded to the Warren County Chancery Court to determine the distribution of the $100,000 in insurance benefits."