# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-01286-SCT

*HENLEY TIMBER COMPANY, CHARLES W.*
*HENLEY, INDIVIDUALLY AND d/b/a HENLEY*
*TIMBER COMPANY*

*v.*

*ROBERT JOSEPH PONTI, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/05/2007 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH S. WOMACK |
| ATTORNEY FOR APPELLEE: | WILLIAM MITCHELL CUNNINGHAM, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED -10/02/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., DICKINSON AND LAMAR, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.    The question presented is whether defendants' agreement to an extension of time for

service of process prevents them from asserting a statute-of-limitations defense.

## STATEMENT OF FACTS AND PROCEEDINGS

¶2.    Robert Joseph Ponti, Jr., sued Charles W. Henley and Henley Timber Co. on the last

day before the statute of limitations on his claim expired.  Ponti's service of process was

defective.[1]  After Ponti moved for, and obtained, a default judgment, defendants moved to

set it aside.  Although the 120-day period for service of process had expired, Ponti moved

---

[1]The complaint was accompanied by a Rule 81 summons, which did not include a time frame
for defendants' response.

for and obtained an order extending time for service of process. The order was approved by defendants.

¶3. Ponti then served process within the time allowed by the order, and defendants responded with a Motion to Dismiss, arguing that the statute of limitations barred the claim. Ponti responded that he had properly served defendants within the agreed sixty days, and that defendants had collaterally attacked the court's order. The trial court agreed, stating:

> If the defendants believed the statute of limitations had run at the time of hearing on the motion to set aside the default judgment, then they should have brought that up at that time. Instead, they agreed to allow additional time for service of process, so they cannot now attach the court's order.

¶4. The trial court denied defendants' summary judgment motion, and defendants now appeal to this Court.

## ANALYSIS

¶5. We review questions of law, including application of statutes of limitation, *de novo*. ***ABC Mfg. Corp. v. Doyle***, 749 So. 2d 43 (Miss. 1999) (citing ***Ellis v. Anderson Tully Co.***, 727 So. 2d 716 (Miss. 1998)). The decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused. ***Roebuck v. City of Aberdeen***, 671 So. 2d 49, 51 (Miss. 1996).

¶6. Mississippi Code Annotated Section 15-1-49, which governs the statute of limitation in this case, states:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the

2

plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49 (Rev. 2003).

¶7.     Ponti filed suit on the last day of the limitation period. Although he served process within the 120 days allotted under Rule 4(h) of the Mississippi Rules of Civil Procedure, he served defendants with an improper summons, and the 120-day period for service of process expired.[2]  However, Rule 6(b) of the Mississippi Rules of Civil Procedure provides:

> **[t]he court** for cause shown **may** at any time **in its discretion** (1) with or without motion or notice **order the period enlarged** if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), 59(d), 59(e), and 60(b), except to the extent and under the condition therein stated.

Miss. R. Civ. P. 6(b) (emphasis added).

¶8.     Defendants agreed to the order granting Ponti a sixty-day extension for service of process. Rule 6(b) granted the trial court authority to extend the time for service of process, which it did, with the agreement of defendants' counsel. Thus, defendants are barred from raising a statute-of-limitation defense.

## CONCLUSION

¶9.     For the reasons stated, we find no reversible error in the trial court's disposition, and we affirm and remand for further proceedings consistent with this opinion.

---

[2]Mississippi Rule of Civil Procedure 4(h) states in pertinent part: "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion."

3

¶10.    **AFFIRMED AND REMANDED**.

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR.**